

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Homer Garrison, Jr.,
Director, Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-1758
Re: S.B. 427, regular session
46th Legislature, 1939,--
General Appropriation Bill--
Department of Public Safety
Items 1 and 2 Maintenance and
Miscellaneous.

This will acknowledge receipt of your letter of December 5, 1939,
prepounding to this department for a legal opinion the following
questions:

"Would this Department be authorized to expend portions of Item
2 in each of these instances for the purchase of motor equipment
supplies consisting of fuel and lubricants and to expend por-
tions of the amounts provided for Item 2 in each instance for
labor involved in lubricating Department motor vehicles?"

"The classifications of expenditures for the License and Weight
Division under 'Maintenance and Miscellaneous' are as follows:

"1. Travel & Transportation expenses, automobile
maintenance. . . . . . . . . . . . . . . . . . . . .$17,300.00

2. Motor equipment, parts, supplies, fixtures,
other equipment and supplies, printing,
stationery, telegraph, telephone, rentals,
teletypewriters, express, freight, postage,
repairs, maintenance, hospitalization and
medical services when injured in line of
duty, funeral expenses when death results from
injuries incurred in line of duty, surety
bonds, loademeters, radios, first aid supplies
and all other necessary expenses. . . . . . . . . $11,150.00

"The classifications of expenditures for the Texas Highway
Patrol under 'Maintenance and Miscellaneous' are as follows:

"'1.   Travel and transportation expense,
       automobile maintenance.                        $53,000.00

  2.   Motor equipment, parts, supplies, fixtures,
       other equipment and supplies, printing,
       stationary, telephone, telegraph, rentals,
       teletypewriters, express, freight, postage,
       repairs, maintenance, hospitalization and
       medical services when injured in line of
       duty, funeral expenses when death results
       from injuries incurred in line of duty,
       surety bonds, uniforms,belts, scabbards,
       badges, arms and ammunitions, loademeters,
       radios, first aid supplies, contingent
       expenses and all other reasonable and
       necessary expenses, including maintenance,
       labor, equipment and expenses of operating
       a training school for patrolmen. . . . . . .$133,000.00

"The classifications of expenditures for the Drivers License
Division under 'Maintenance and Miscellaneous' are as
follows:

"'1.   Travel and transportation expense, automobile main-
       tenance. . . . . . . . . . . . . . . . . . . .$23,000.00

  2.   Motor equipment, parts supplies, fixtures,
       other equipment and supplies, printing,
       stationery, telephone, telegraph, rentals,
       express, freight, postage, repairs, main-
       tenance, hospitalization and medical
       services when injured in line of duty and
       funeral expenses when death results from
       injuries received in line of duty, surety
       bonds, uniforms, belts, scabbards, badges,
       arms, ammunition, radios, first aid
       supplies, contingent expenses, and all
       other reasonable and necessary expenses,
       including equipment and expense of operating
       training school for examiners. . . . . . . .$41,200,00.'"

We construe your question as asking whether or not the
expense for purchase of motor equipment supplies, consisting of
fuel and lubricants, and the labor incident thereto, for the
lubricating of department motor vehicles may be taken from
Item 2 of these Maintenance and Miscellaneous appropriations
rather than from Item 1.

As thus construed, we are of the opinion the question should

be answered in the affirmative. Fuel, lubricants and labor incident to their use in connection with department motor vehicles, is more specifically embraced in Item 2 than in Item 1 of the appropriation. The only language of Item 1 that could possibly embrace such expenses is "automobile maintenance;" while Item 2 mentions such things as "supplies." The expense items mentioned by you are more reasonably contemplated by the mobile maintenance" of Item 1. From this we deduce the inference that the Legislature. intended such items of expense, as mentioned by you, to be paid from Item 2 rather than Item 1.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Ocie Speer

By

OS-MR/cg

Ocie Speer
Assistant

APPROVED DEC. 11, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB, Chairman